FORM 11A.  Informal Response Brief (Respondent/Appellee)　　　　　　　　Form 11A (p. 1)
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

### INFORMAL RESPONSE BRIEF OF RESPONDENT/APPELLEE

**Case Number:** 24-1340

**Short Case Caption:** Malone v. Toyota Motor Sales

**Respondent/Appellee:** Toyota Motor Sales

> **Instructions:** Read the Guide for Unrepresented Parties before completing this form. Answer the questions as best as you can. Attach additional pages as needed to answer the questions. This form and continuation pages may not exceed 30 pages. Please redact (erase, cover, or otherwise make unreadable) social security numbers or comparable private personal identifiers that appear in any attachments you submit.

1. Are you aware of any related cases currently or previously before this court?
   ☑ Yes　　☐ No

   If yes, identify the title and number of each case.

   > Malone v. Toyota Motor Sales - 24-1341

2. Do you believe this court has jurisdiction in this case?　　☐ Yes　　☑ No
   If no, why not?

   > Plaintiff/Appellant has already appealed to the 9th Circuit Court of Appeal, case no. 22-56201, and lost. The 9th Circuit's mandate to the District Court was issued January 30, 2024. The Federal Circuit hears appeals in a very limited number of cases and the warranty claim underlying this case is not one of them.

FORM 11A. Informal Response Brief (Respondent/Appellee)   Form 11A (p. 2)
July 2020

3. What are your arguments in response to the petitioner/appellant?

> JURISDICTIONAL STATEMENT - This is an appeal from a district court civil action. The district court determined it lacked subject matter jurisdiction and dismissed the case without prejudice. The judgment of dismissal was entered December 19, 2022. Plaintiff filed a notice of appeal the next day.
>
> Continued - See Attachment

4. Are there other arguments you wish to make?   ☐ Yes   ☑ No
   If yes, please state them.

5. What action do you want this court to take in this case?

> Dismiss the appeal.

Date: 02/06/2024

Signature: [signed]

Name: John W. Myers, IV

<u>ATTACHMENT TO INFORMAL RESPONSE BRIEF OF RESPONDENT/APPELLEE</u>

3. What are your arguments in response to the petitioner/appellant? (Continued)

## ARGUMENT

## I

## THE DISTRICT COURT PROPERLY DETERMINED THAT IT DID NOT HAVE DIVERSITY JURISDICTION IN THIS MATTER

The analysis begins with the principle that "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). Federal courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 n. 3 (2006).

Federal subject matter jurisdiction may be established on two grounds: (1) federal question jurisdiction under 28 U.S.C. section 1331; and (2) diversity jurisdiction under 28 U.S.C. section 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. section 1331. A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between [] citizens of different states[, or] citizens of a State and citizens or subjects of a foreign state[.]" 28 U.S.C. sections 1332(a)(1)-(2). In this case, the district court's jurisdiction was predicated on diversity.

A natural person's state citizenship is "determined by her state of domicile, not her state of residence." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A corporation is considered a citizen of every state where it has been incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 80, 92-93, 130 S.Ct. 1181, 1185, 1192-93 (2010).

"The existence of diversity of citizenship is determined at the time the suit is instituted, and not when the cause of action arose." *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990) (citing *Smith v. Snerling*, 354

U.S. 91, 93 n.1 (1957)); *LeBlanc v. Cleveland*, 248 F.3d 95 (2d Cir. 1999).

    Applying these rules to this case, it is clear there is no diversity.  TMS is a citizen of multiple states – California and Texas – for purposes of federal diversity jurisdiction.

FORM 30. Certificate of Service

Form 30
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF SERVICE

**Case Number** 24-1340

**Short Case Caption** Malone v. Toyota Motor Sales

**NOTE:** Proof of service is only required when the rules specify that service must be accomplished outside the court's electronic filing system. See Fed. R. App. P. 25(d); Fed. Cir. R. 25(e). Attach additional pages as needed.

I certify that I served a copy of the foregoing filing on 02/06/2024

by ☑ U.S. Mail  ☐ Hand Delivery  ☑ Email  ☐ Facsimile
   ☐ Other: _____

on the below individuals at the following locations.

| Person Served | Service Location (Address, Facsimile, Email) |
|---|---|
| Eric Malone<br>ICO Donald Radowski | 74525 Daylily Circle Palm Desert, CA 92260<br>eric4424028939@gmail.com, blueherondance@aol.com, erm7493@att.net, maloneeric41@yahoo.com |
| | |
| | |
| | |
| | |

☐ Additional pages attached.

Date: 02/06/2024

Signature: *[signature]*

Name: Isaura Hernandez